UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
(LAKE CHARLES DIVISION)

| | | |
|---|---|---|
| **THE PARISH OF CAMERON,** | * | **Civil Action No.** _____ |
|     Plaintiff | * | |
| | * | **Section:** \_\_ |
|     v. | * | |
| | * | **Judge: Hon.** _____ |
| **ANADARKO E&P ONSHORE, LLC, ANDERSON** | * | |
| **EXPLORATION COMPANY, INCORPORATED,** | * | **Mag. Judge: Hon.** _____ |
| **CENTURION EXPLORATION COMPANY,** | * | |
| **CHEVRON U.S.A., INC., CONOCOPHILLIPS** | * | |
| **COMPANY, DAVIS OIL COMPANY, DEVON** | * | |
| **ENERGY PRODUCTION COMPANY, L.P.,** | * | |
| **DOMINION OKLAHOMA TEXAS EXPLORATION** | * | |
| **& PRODUCTION, INC., EXXON MOBIL** | * | |
| **CORPORATION, FREEPORT-MCMORAN OIL &** | * | |
| **GAS L.L.C., HILLIARD PETROLEUM INC.,** | * | |
| **LINDER OIL COMPANY, A PARTNERSHIP,** | * | |
| **MOSAIC GLOBAL HOLDINGS, INC., THE** | * | |
| **LOUISIANA LAND AND EXPLORATION** | * | |
| **COMPANY, LLC, AND VINTAGE PETROLEUM,** | * | |
| **L.L.C.** | * | |
|     **Defendants.** | * | |

**DEFENDANTS' NOTICE OF REMOVAL**

On February 4, 2016, the Parish of Cameron filed its Original Petition for Damages in the 38th Judicial District Court for the Parish of Cameron (the "Petition") against Defendants Exxon Mobil Corporation, ConocoPhillips Company, The Louisiana Land and Exploration Company, LLC, and Chevron U.S.A., Inc. ("Defendants").  Without waiving any of their jurisdictional and other defenses, Defendants respectfully remove this civil action from the 38th Judicial District Court of the Parish of Cameron to the United States District Court for the Western District of Louisiana.

## INTRODUCTION

Counsel for the Parish has now filed 39 near-identical lawsuits in 3 coastal parishes. Private landowners have filed 4 follow-on petitions. The Attorney General of Louisiana and the Secretary of the Louisiana Department of Natural Resources have since intervened in all of the parish cases. These lawsuits ask state trial judges to preside over what the Parish views as a referendum on a century of prosperous oil and gas activities in Louisiana's coastal zone.[1] Neither the parishes nor the state entities see any role for the federal government in this process.

But the Parish cannot avoid the fact that Defendants' oil and gas activities are a critical component of the nation's energy security and intersect with federal issues across multiple dimensions. For example, the challenged activities include the dredging and maintenance of navigable waterways and transportation of minerals to and from the outer continental shelf. It is beyond dispute that, if successful, the Louisiana coastal cases could have a seismic effect on

---

[1] *See, e.g.*, *Board of Comm'rs of the Se. La. Flood Protection Auth. v. Tennessee Gas Pipeline Co., LLC*, 2:13-cv-05410, at *80–81 (E.D. La. June 27, 2014) (order denying remand) ("While Plaintiff may not be expressly challenging a specific action of a federal agency, the breadth of Plaintiff's claims amounts to a collateral attack on an entire regulatory scheme…. Plaintiff's claims are premised on the notion that this regulatory framework provides inadequate protection for the residents of southeastern Louisiana, and through this litigation, Plaintiff seeks to have the entire oil and gas industry compensate residents for the shortfall.").

federal energy policy and regulation of Louisiana's coastal zone. This Court has removal jurisdiction under general maritime law and the Outer Continental Shelf Lands Act ("OCSLA").

It bears noting, however, that the federal jurisdictional questions in this case are shrouded in uncertainty. Previously, the Eastern District of Louisiana remanded the 28 cases that the Parishes' counsel brought in Jefferson and Plaquemines Parishes. Key jurisdictional questions at issue in those cases — including the removability of general maritime and OCS pipeline claims — remain "hotly contested." *See, e.g.*, *Riverside Const. Co. v. Entergy Miss., Inc.*, 626 Fed. App'x 443, 445 (5th Cir. 2015), *as revised* (Oct. 16, 2015). Until the Fifth Circuit clarifies the jurisdictional impact of general maritime claims and OCSLA, uncertainty will cause further protracted battles over removal and remand. This Court should consider ending the uncertainty by asserting jurisdiction and certifying an appeal to the Fifth Circuit under 28 U.S.C. § 1292(b).

## REMOVAL PREREQUISITES

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Because this case satisfies all prerequisites of removal, it belongs in federal court.

*Venue.* This notice of removal is properly directed to this Court pursuant to § 1441 because this Court is "the district court of the United States for the district and division" within which the State Court Petition is pending. *See* 28 U.S.C. § 98(a).

*State Court Record.* Pursuant to 28 U.S.C. § 1446(a), Defendants attach as Exhibit 1 a copy of all process, pleadings, and orders in this action and available in the state court record.

*Notice of Removal is Timely.* Defendants have not yet been served with the Parish of Cameron's Original Petition for damages. Accordingly, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b) and Rule 6 of the Federal Rules of Civil Procedure.

*Consent.* Consents are unnecessary because no Defendants have been served. 28 U.S.C. § 1446(b)(2).

*Service.* Undersigned counsel certifies that, promptly after the filing of this Notice of Removal, copies of the Notice will be served on opposing counsel and filed with the Clerk of Court of the 38th Judicial District Court for the Parish of Cameron, State of Louisiana, to effect the removal of the state court action. 28 U.S.C. § 1446(d).

*Grounds for Removal.* This case is removable because (1) the Parish's claims are subject to maritime jurisdiction and (2) the Parish's claims are subject to OCSLA jurisdiction.

## GROUNDS FOR REMOVAL

### I.  The Parish's claims are subject to maritime jurisdiction.

"A federal court's authority to hear cases in admiralty flows initially from the Constitution, which 'extend[s]' federal judicial power 'to all Cases of admiralty and maritime Jurisdiction.'" U.S. Const., Art. III, § 2; *see also Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 531 (1995). "Congress has embodied that power in a statute giving federal district courts 'original jurisdiction [over] . . . [a]ny civil case of admiralty or maritime jurisdiction . . . .'" 28 U.S.C. § 1333(1).

Here, many of the injuries alleged by the Parish have allegedly occurred and continue to occur on navigable waters. For example, the Parish asserts that Defendants' allegedly unlawful conduct stems in large part from "the dredging of numerous canals in, through, and across the Operational Area." Pet. ¶ 25. Because these canals are part of a network of navigable waterways

through the lands at issue, this case implicates traditional maritime activities and belongs in federal court. Moreover, whereas in prior coastal lawsuits Jefferson and Plaquemines Parishes expressly disclaimed maritime claims, Cameron Parish's Petition includes no such disclaimer. *See id.* ¶ 33.

Defendants recognize that the legal basis of this removal ground is unsettled: there is a well-defined split in authority regarding whether Congress's recent amendments to 28 U.S.C. § 1441 allow general maritime cases to be removed to federal court. Some courts have found that § 1441 does not allow general maritime cases to be removed. *See, e.g.*, *Parish of Plaquemines v. Total Petrochemical & Refining USA, Inc.*, 64 F. Supp. 3d 872, 898–900 (E.D. La. 2014); *Plaquemines Parish v. Rozel Operating Co.*, 2015 WL 403791, at *4 (E.D. La. 2015). Other courts in this Circuit, however, have taken the opposite view that Congress's recent amendments to 28 U.S.C. § 1441 *do allow* general maritime cases to be removed to federal court. *See, e.g. Carrigan v. M/V AMC Ambassador*, 2014 WL 358353 (S.D. Tex. Jan. 31, 2014); *Bridges v. Phillips 66 Co.*, 2013 WL 6092803 (M.D. La. Nov. 19, 2013) (adopting report and recommendations). Likewise, the only federal appellate court to address the issue held that § 1441 allows general maritime cases to be removed. *Lu Junhong v. Boeing Co.*, 792 F.3d 805 (7th Cir. 2015).[2] And notably, the removability of general maritime claims currently is before the Fifth Circuit in *Board of Commissioners of the Southeast Louisiana Flood Protection Authority—East, et al v. Tennessee Gas Pipeline Company, LLC, et al*, No. 15-30162 (5th Cir.). This split in authority reflects disagreement among respected jurists on an important question of federal law. Therefore, removal is appropriate and, ultimately, appellate guidance is necessary. *See Riverside Const.*, 626 Fed.

---

[2] Although *Lu Junhong* did not address the effect of the "saving-to-suitors" clause of 28 U.S.C. § 1333, the Fifth Circuit has found that that the "saving-to-suitors" clause does not guarantee a state-court forum. *See Tenn. Gas Pipeline v Hous. Cas. Ins. Co.*, 87 F.3d 150, 153 (5th Cir. 1996).

App'x at 445 (removal of maritime claims is "objectively reasonable" because removability of maritime claims is a "hotly contested and unresolved" issue).

## II. The Parish's claims are subject to federal OCSLA jurisdiction.

Removal is proper under 43 U.S.C. § 1349(b)(1) and 28 U.S.C. § 1441(a) because this action arises "in connection with" oil and gas operations conducted on the outer continental shelf. OCSLA provides that "the subsoil and seabed of the outer Continental Shelf appertain to the United States and are subject to its jurisdiction, control, and power of disposition." 43 U.S.C. § 1332(1). In turn, OCSLA provides for exclusive federal question jurisdiction over the outer continental shelf by extending "[t]he Constitution and laws and civil and political jurisdiction of the United States . . . [to the Outer Continental Shelf] and all installations and other devices permanently or temporarily attached to the seabed . . . for the purpose of exploring for, developing, or producing resources therefrom." 43 U.S.C. § 1333(a)(1). A plaintiff need not expressly invoke OCSLA for it to provide a basis for federal jurisdiction. *Amoco Prod. Co. v. Sea Robin Pipeline Co.*, 844 F.2d 1202, 1205 (5th Cir. 1988).

Here, the Parish's Petition alleges broadly that Defendants operated "drilling and production sites" — including "numerous oil and gas wells," canals, and pipelines — in violation of Louisiana's coastal zone management laws. *See, e.g.*, Pet. ¶¶ 17, 19–25. The challenged activities involve components of the dense, highly integrated, and interconnected infrastructure relating to the outer continental shelf. The Parish's allegations and the relief sought thus "aris[e] out of" and "in connection with" operations conducted on the outer continental shelf, and as such, 43 U.S.C. § 1349(b)(1) grants original jurisdiction in federal court over this action. *See In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014) (citing *EP Operating Ltd. P'ship v. Placid*

*Oil Co.*, 26 F.3d 563, 568-69 (5th Cir. 1994)); *Barker v. Hercules Offshore Inc.*, 713 F.3d 208 (5th Cir. 2013).

Defendants recognize that courts in the Eastern District of Louisiana have previously rejected an argument similar to this one. *See, e.g.*, *Total Petrochemical*, 64 F. Supp. 3d 872 at 893–98. But given the potentially severe effect of this litigation on Defendants' outer continental shelf operations, the important question of whether federal jurisdiction attaches to claims involving pipelines that transport minerals from the outer continental shelf, and the fact-intensive nature of the inquiry, Defendants respectfully submit that removal is proper under OCSLA in this case.

## CONCLUSION

Defendants respectfully remove to this Court case number 10-19578 from the 38th District Court of Cameron Parish, Louisiana.

Dated: April 21, 2016

                                      Respectfully submitted,

                                      /s/ Robert B. McNeal_____
                                      Robert B. McNeal (No. 14211)
                                      rbmcneal@liskow.com
                                      **LISKOW & LEWIS**
                                      One Shell Square
                                      701 Poydras Street, Suite 5000
                                      New Orleans, Louisiana 70139-5099
                                      Telephone: (504) 581-7979
                                      Facsimile: (504) 556-4108

                                      Michael P. Cash (No. 31655)
                                      mcash@liskow.com
                                      **LISKOW & LEWIS**
                                      First City Tower
                                      1001 Fannin Street
                                      Houston, Texas 77002-6756
                                      Telephone: (713) 651-2900
                                      Facsimile: (713) 651-2908

Jamie D. Rhymes (No. 24621)
jdrhymes@liskow.com
**LISKOW & LEWIS**
822 Harding Street
Lafayette, Louisiana 70503
Telephone:  (337) 232-7424
Facsimile:  (337) 267-2399

-and-

Martin A. Stern (No. 17154)
martin.stern@arlaw.com
Glen M. Pilié (No. 1539)
glen.pilie@arlaw.com
Jeffrey E. Richardson (No. 23273)
jeffrey.richardson@arlaw.com
David M. Stein (No. 31977)
david.stein@arlaw.com
**ADAMS AND REESE LLP**
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone:  (504) 581-3234
Facsimile:  (504) 566-0210

-and-

Roy C. Cheatwood (No. 04010
rcheatwood@bakerdonelson.com
Monica A. Frois (No. 20187)
mfrois@bakerdonelson.com
Matthew A. Woolf (No. 27146)
mwoolf@bakerdonelson.com
Tyler L. Weidlich (No. 30790)
tweidlich@bakerdonelson.com
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ**
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

*Attorneys for Exxon Mobil Corporation*

/s/ Leigh Ann Schell_____
Deborah D. Kuchler, T.A. (#17013)
Leigh Ann Schell (#19811)
Robert E. Guidry (#28064)
Sarah E. Iiams (#22418)
**KUCHLER POLK SCHELL**
**WEINER & RICHESON, L.L.C.**
1615 Poydras Street, Suite 1300
New Orleans, LA  70112
T. 504-592-0691
F. 504-592-0697
Email:dkuchler@kuchlerpolk.com
lschell@kuchlerpolk.com
rguidry@kuchlerpolk.com
siiams@kuchlerpolk.com

*Attorneys for ConocoPhillips Company and The Louisiana Land and Exploration Company, LLC*


/s/ Claire Elizabeth Juneau_____
Charles S. McCowan III (No. 19699)
trey.mccowan@keanmiller.com
L. Victor Gregoire (No. 22400)
victor.gregoire@keanmiller.com
Pamela R. Mascari (No. 25162)
pam.mascari@keanmiller.com
**KEAN MILLER LLP**
400 CONVENTION STREET, SUITE 700
P. O. BOX 3513 (70821-3513)
BATON ROUGE, LOUISIANA 70802
TELEPHONE:  (225) 387-0999

Michael R. Phillips (No. 21020)
mike.phillips@keanmiller.com
Michelle Purchner Cumberland (No. 30681)
michelle.cumberland@keanmiller.com
Claire Elizabeth Juneau (No. 33209)
claire.juneau@keanmiller.com
**KEAN MILLER LLP**
909 Poydras, Suite 3600
New Orleans, Louisiana 70112
Telephone:  (504) 585-3050
Facsimile:  (504) 585-3951

-and-

                Eric J. Mayer (No. 14184)
                emayer@susmangodfrey.com
                Alexandra White (No. 29478)
                awhite@susmangodfrey.com
                **SUSMAN GODFREY L.L.P.**
                1000 Louisiana Street, Suite 5100
                Houston, Texas 77002-5096
                Telephone:  (713) 651-9366
                Facsimile:  (713) 654-6666

*Attorneys for Chevron U.S.A., Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on April 21, 2016, a copy of the above and foregoing Notice of Removal was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by electronic mail and/or regular mail.

                              /s/ Robert B. McNeal_____